# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## (Alexandria Division)

| | |
|---|---|
| DIANNE BUTTS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:14-cv-1073 (LMB/TCB) |
| PRINCE WILLIAM COUNTY SCHOOL BOARD, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Prince William County School Board ("PWCS"), by counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Civil Rules, respectfully moves this Court for entry of an Order granting PWCS summary judgment on all counts asserted in Plaintiff Dianne Butts' ("Butts'") Third Amended Complaint. In support of this Motion, PWCS submits its Statement of Material Facts Not in Dispute and Memorandum of Law in Support of Motion for Summary Judgment ("Supporting Memorandum"), along with its supporting Declarations and Exhibits, attached thereto.

As set forth in its Supporting Memorandum, Defendant moves for summary judgment on the following grounds:

### COUNT I

A. At Count I of her Third Amended Complaint, Butts, a former continuing contract teacher employed by PWCS, seeks monetary damages and other relief for alleged discrimination under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4313(a)(3), 4313(a)(4), and 4316(c) ("USERRA"),. *See* Third Amen. Compl. ¶¶ 123-144.

Defendant contends that Summary judgment is appropriate under Count I (USERRA) as to Plaintiff's reemployment claims, because the undisputed material facts demonstrate that:

1. Butts' reemployment claims under §§ 4312 and 4313 of USERRA are limited to her initial placement as a continuing contract teacher assigned to teach fifth grade at Sinclair Elementary School;

2. Butts was rehired in the same position she held prior to her separation (i.e., as a continuing contract teacher), or alternatively, in a position of like seniority, status, and pay;

3. Butts was not entitled to a specific grade assignment or location of her choice, either prior to her reemployment or following reemployment; and

4. Butts has no standing to assert claims under §§4312 and 4313 because she has no available remedy and her claim is moot.

B. Butts also alleges at Count I that PWCS's decision to terminate her employment for performance reasons in June 2011, more than two years after she was reemployed, violated § 4316(c) of USERRA, which prohibits an employer from discharging a protected employee without cause for up to one year following the employee's return to pre-service employment. *See id.* Defendant contends that summary judgment is also appropriate under Count I (USERRA) as to Plaintiff's wrongful discharge claim, because the undisputed material facts demonstrate that:

1. Butts had notice that her continued failure to meet performance standards was cause for discharge, and was, in fact, discharged for cause unrelated to her military service; and

2. Butts cannot rely on USERRA's reemployment provisions to bootstrap her wrongful discharge claim.

## COUNT II

At Count II, Butts alleges that PWCS discriminated against her in violation of the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act, 42 U.S.C. §§ 12111-12117 ("ADAA"), by failing to reasonably accommodate her disability,

Third Amen. Compl. ¶ 245-151. Summary judgment as to Count II of Butts' Third Amended Complaint is appropriate, as the undisputed material facts demonstrate:

A. After October 28, 2010, Butts was not a qualified person with a disability and could not perform the essential functions of her job because she could not come to work;

B. PWCS did not have notice of Butts' disability until October 11, 2010, and granted her only request for accommodation;

## BOTH COUNTS

Summary judgment is also appropriate as to both Counts I and II because Butts cannot prove damages attributable to PWCS.

A. Butts is estopped from attributing her service-connected disabilities to PWCS; and

B. Butts has identified no medical expert to establish causation.

WHEREFORE, on the grounds set forth above, as supported by Defendant's Statement of Material Facts Not In Dispute, and as argued in Defendant's Supporting Memorandum, Defendant moves the Court for entry of an Order granting summary judgment and dismissing the Third Amended Complaint in its entirety, with prejudice.

Respectfully Submitted,

Date: July 6, 2015

/s/
Mary McGowan, VSB # 22222
Chidi I. James, VSB # 46996
Kristi L. Johnson, VSB # 77776
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, VA 22030
(703) 691-1234 (telephone)
(703) 691-3913(facsimile)
mmcgowan@bklawva.com
cjames@bklawva.com
kjohnson@bklawva.com
*Counsel for Defendant*
*The Prince William County School Board*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2015, I will electronically file the foregoing Motion for Summary Judgment with the Clerk of Court using the Court's case management/electronic case filing (CM/ECF) system, which will then send a notification of filing (NEF) to the following:

>Jacob M. Small, Esquire
>J. Madison PLC
>1750 Tysons Blvd.
>Suite 1500
>McLean, VA 22102
>jmsmall@jmadisonplc.com
>*Counsel for Plaintiff*

>*/s/*
>Mary McGowan, VSB # 22222
>Chidi I. James, VSB # 46996
>Kristi L. Johnson, VSB # 77776
>BLANKINGSHIP & KEITH, P.C.
>4020 University Drive, Suite 300
>Fairfax, VA 22030
>(703) 691-1234 (telephone)
>(703) 691-3913(facsimile)
>mmcgowan@bklawva.com
>cjames@bklawva.com
>kjohnson@bklawva.com
>*Counsel for Defendant*
>*The Prince William County School Board*